**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3090
_____

MIN HUANG,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A200-031-251)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2010
Before:  SLOVITER, JORDAN and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 15, 2010)
_____

OPINION
_____

PER CURIAM

    Min Huang, a citizen of China, petitions for review of a Board of Immigration

Appeals ("BIA") decision upholding the denial of his application for asylum and related

relief.  For the reasons that follow, we will deny his petition for review.

I

Huang entered the United States in 2005 without inspection, and was placed in removal proceedings. At a hearing in 2006, Huang applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

As grounds for relief, Huang alleged that he converted to Christianity in 2004, and that he regularly participated in underground church services in China, typically at fellow congregants' homes. Huang claimed that during an Easter celebration in 2005, police raided the house where the services were being held and arrested him and other church members. Huang stated that he was detained for seven days, beaten regularly, and forced to promise that he would no longer attend underground churches. After his release, Huang went to a hospital, where he was treated for a broken arm by a doctor named Li, Wenbin. He claimed that he stopped attending church and soon fled the country.

In support of his claim for relief, Huang submitted, *inter alia*, a copy of the medical record from his post-incarceration hospital visit. The Department of Homeland Security submitted the medical record, along with other documents, for a consular investigation. In June 2007, Huang received a copy of the consular report, which stated that the hospital Huang claimed to visit did not employ a doctor named Li, Wenbin, that portions of the medical certificate did not use normal terminology, and that the stamp on the record could not be authenticated. At Huang's May 2008 removal hearing, he was unable to provide any explanation for the discrepancy between his testimony and the

2

consular report, save for his assertion that Li, Wenbin was his doctor.

The IJ denied relief, reasoning that although Huang demonstrated that he was a Christian, his inability to explain or resolve the inconsistencies between his testimony and the consular report – despite having the report for nearly a year at the time of the hearing – undermined the veracity of his past persecution claim. The IJ also determined that Huang failed to show a well-founded fear of future persecution or a likelihood that he would be tortured if removed to China. The BIA dismissed Huang's appeal and he filed a petition for review.

II

We have jurisdiction over the petition under 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than that of the IJ. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we also look to the decision of the IJ to the extent that the BIA defers to or adopts the IJ's reasoning. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). We review agency factual determinations for substantial evidence, and we will uphold a factual determination "unless the evidence not only supports a contrary conclusion, but compels it." Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir. 2005) (internal citations omitted).

Huang raises three arguments in his petition for review. First, he argues that the IJ and BIA violated his right to due process by relying on the consular report to deny his past persecution claim. Aliens facing removal are entitled to due process protections.

3

See Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). In the evidentiary context, due process requires that evidence considered by the BIA be reliable and trustworthy. See id. In Ezeagwuna, the agency denied relief, relying almost exclusively on a consular investigation report which (1) contained multiple levels of hearsay, in that the letter's author was at least three people removed from the actual investigatory declarants, (2) contained no explanation of what investigation actually took place, and (3) was issued to the alien only a few days before the removal hearing. Id. at 406-08. Citing Ezeagwuna, Huang contends that the BIA's reliance on the consular report was improper.[1] However, Huang's case is clearly distinguishable. We agree with the BIA, which reasoned that, unlike the report at issue in Ezeagwuna, the consular report in Huang's case was prepared by the same individual who conducted the investigation, the author was in direct contact with the organizations that analyzed Huang's proffered

---

[1] In its reply brief, the Government notes that, before the BIA, Huang argued that the IJ acted improperly under Ezeagwuna, but failed to couch his argument in "due process" language. In the Government's view, then, we lack jurisdiction to entertain Huang's claim inasmuch as it raises a constitutional issue because he failed to exhaust the claim in administrative proceedings. See Lin v. Att'y Gen., 543 F.3d 114, 120-21 & n.6 (3d Cir. 2008). The Government's argument plainly lacks merit. As we have repeatedly held, "so long as an immigration petitioner makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies." Joseph v. Att'y Gen., 465 F.3d 123, 126 (3d Cir. 2006). Huang's reference to Ezeagwuna and accompanying analysis questioning the reliability of the consular report were plainly sufficient to meet the exhaustion requirement. Further belying the Government's argument is the focus of Ezeagwuna itself: our ultimate concern with the consular report in that case was whether its use as evidence violated the petitioner's right to due process.

4

documents, and Huang received a copy of the report nearly a year before his removal hearing. In short, the report in this case does not present the concerns we found problematic in Ezeagwuna. Accordingly, we perceive no error in the Board's reliance on the consular report.

Second, Huang argues that the IJ erred in concluding that he did not demonstrate a well-founded fear of future persecution. Specifically, he argues that the IJ failed to consider whether Huang held a well-founded fear that he would be singled out for persecution. We disagree. The IJ specifically addressed this issue, reasoning that, in consideration of his apparently false medical report and the 2007 State Department Country Report on China, which was the only background evidence presented, Huang failed to present sufficient evidence to demonstrate either past persecution or a well-founded fear of persecution based on his participation in Christian religious activities. A.R. 56-57.

Finally, Huang argued that the BIA erred in determining that he failed to qualify for asylum, withholding of removal, and CAT relief. In denying relief, the IJ reasoned – and the BIA agreed – that Huang's seemingly fraudulent medical report undermined the veracity of his claim that he suffered past persecution. The IJ further reasoned that because Huang failed to demonstrate past persecution, and because the record evidence did not support a finding that a pattern or practice of persecution against Christians exists in China, Huang also failed to demonstrate a well-founded fear of future persecution.

Aside from his bare assertion that the Board erred, Huang has presented no argument that would compel this Court to conclude that the Board reached an incorrect decision.

Because Huang was ineligible for asylum, we also agree that he was unable to meet the higher standard applicable to applications for withholding of removal. See Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 236-37 (3d Cir. 2008). Nor did he demonstrate eligibility for CAT protection. See Kamara v. Att'y Gen., 420 F.3d 202, 212-13 (3d Cir. 2005).

Accordingly, we will deny the petition for review.